Roberts *agt.* Jones and Bogert.

*Fifth.* The *course of dealing* between the parties repels the *intent* of usury. He had lent him *money* before, and never on any thing more than *legal interest.* Duff is not a money lender.

*Sixth.* The master makes usury out of the *claim* put in by *Duff,* as he says. Duff never put in any such claim or knew it. His solicitor, knowing only of the judgment and credits, and not yet having inquired into the circumstances, in his *official* claim, (long before the reference came on,) made his calculations upon the whole judgment as due. But a *notice* or *pleading* of a solicitor, unsigned and unseen by a party, *cannot be evidence against him.*

*Duff* when *he* makes *his claim,* which he does by affidavit, *before* Flanagan was examined, states the balance on *his claim truly.*

> Geo. Buckham, *Solicitor for respondent, Duff.*
> J. W. Gerard, *of Counsel.*

---

Roberts, Appellant, *agt.* Jones and Bogert, Acting Executors, &c., Respondents.

*Questions discussed.*

1. Whether the matters set up in the answer of the defendant, Seth B. Roberts, to the amendments of the complainants' bill of complaint, and the schedules annexed, *excepted to* by the complainants, were *impertinent?*
2. Whether such matters should be struck out for *prolixity?*

This was an exception to a master's report, taken by the defendant Roberts.

The defendant, Seth B. Roberts, was the agent of Augustine Hicks Lawrence in his life time, and subsequent to his death acted as the agent of the complainants Jones and Bogert, two of the executors of Augustine Hicks Lawrence, deceased, for certain lands and real estate in Rome and vicinity, in Oneida county.

The bill makes Augustine N. Lawrence, one of the executors, a defendant with Roberts, and charges in substance, that the defendant, Augustine N. Lawrence, failed in 1834 and became insolvent, and that Roberts was informed thereof; and the complainants, the other executors, therefore seek to have the funds of the estate in his hands paid over to them, as the only responsible executors, for the benefit of the legatees of the testator; and to charge Roberts with moneys collusively paid over to A. N. Lawrence, with knowledge of his insolvency. The defendant Roberts, in his answer, admits that Augustine N. Lawrence failed in business in 1834, and that he was reported to become then insolvent and unable to pay his debts. He then sets up the matter alleged to be impertinent as a reason why A. N. Lawrence was not in fact insolvent in 1834. The matter thus set up embraces about twenty-five folios in the body of the answer, and about one hundred folios of schedules, for the purpose of showing that a mistake was made by the master in taking an account against the defendant, A. N. Lawrence, in a suit in the court of chancery, under which he was obliged to pay about $38,000 too much to the complainants, about two years before his failure in 1834.

The exception was argued before the vice chancellor of the first circuit, Hon. Wm. T. McCoun, and overruled, and the report of the master confirmed on the 6th January, 1845.

Roberts appealed to the chancellor, who, on the 29th August, 1846, affirmed the order of the vice chancellor, with costs, and gave the following reasons:

" In relation to the suit in this court, under which it is alleged A. N. Lawrence was obliged to pay $38,000 too much to the complainants, it would be sufficient to say, that even if the matter of the error in that suit could now be inquired into for the purpose of showing that A. N. Lawrence was not insolvent in

Roberts *agt.* Jones and Bogert.

1834, this part of the answer is impertinent on account of its prolixity. For all that was necessary to say for the purpose of raising the question of insolvency in 1834 was, to state that an error of that amount occurred in the suit in 1832, and that if that error could be corrected by him in any way, he was not insolvent in 1834. I know of no way, however, in which that question can be inquired into in this collateral proceeding; and a man is not the less insolvent because he has been obliged to pay a large sum of money under a decree against him, which is alleged to be unjust, if he has no legal or equitable means of recovering it back.

" The vice chancellor and the master were therefore right in supposing that the matter excepted to was impertinent."

Roberts appealed to this court.

*David P. Hall, Attorney, and*
*D. Dudley Field, Counsel* for appellant.

*First.* The matter excepted to was not impertinent, because it was an answer to a distinct allegation of the bill.

*Second.* If it was proper to answer the allegation at all, it was proper to do so fully, and in such manner as to reconcile the apparent contradiction between a failure and actual insolvency.

*Third.* The position of the chancellor, that Augustine N. Lawrence was insolvent, though the over-payment was really made, as he alleges, because he had no means of recovering it back, is a mere assumption, unwarranted by the law and the fact. In truth, there is and has long been a suit pending in chancery to recover it back.

*Fourth.* The exception is bad, because it is too broad. If the matter objected to is expunged, there will remain no answer whatever to the allegation of the bill. It is well settled that if an exception for impertinence can not be sustained in full, it can not be sustained at all. (*Wagstaff* v. *Brown,* 1 *Russ. & Myl.* 30; *Van Rensselaer* v. *Brice,* 4 *Paige,* 174; 1 *Beavan,* 571.)

DAVID P. HALL, <i>Solicitor for appellant.</i><br>DAVID DUDLEY FIELD, <i>of Counsel.</i>

☞ 1. Bill to call Roberts to account as agent of testator for

sale of lands in Oneida.   2.  Executors file bill.   3.  Executor made defendant on allegation of collusion between him and Roberts.   One object of bill is to disavow payments to one of the executors.   P. 26, matter to be answered.   38–44, answer to that matter.   Answer that he stopped payment for reasons stated, but was not insolvent.   If matter in answer struck out, then will no answer remain to the allegations of insolvency. It is an answer under oath.   I won't discuss the question, the chancellor has discussed.   My complaint is, should not have struck out all.   P. 43, fol. 41, " Wherefore, &c.," should have been left in.   P. 38, fol. 16, (a) should have been left in.

REPLY.—This point was taken before chancellor.   He forgot, from keeping the papers two or three years, as he did in this case.

*David S. Jones, Attorney and Counsel* for respondents.

The matters in the answer of the defendant, Seth B. Roberts, to the amendments to the complainants' bill of complaint, and schedules A and B thereto annexed, excepted to by the complainants as impertinent, are impertinent.

*First.*  Because, even if it were competent to the said defendant to prove those matters, and if they were proved, they furnish no answer to the complainants' allegation, that the defendant, Augustine N. Lawrence, did, some time in the year 1834, fail in business, and become insolvent, &c., inasmuch as those matters all refer to a period of time long anterior to 1834.

*Second.*  Because the matters so excepted to, seek to open the accounts of the said Augustine N. Lawrence with the former firm of A. H. Lawrence & Co.; whereas it is not competent even to the said Augustine N. Lawrence, and still less to the defendant Roberts, a third person, to have those accounts opened; inasmuch as a decree of the court of chancery, made more than ten years before filing the said answer, and then in full force, had finally settled those accounts.

*Third.*  For prolixity—inasmuch as the matter of the error in the accounts, which the said answer seeks to open, if any did exist, could have been stated in less than one folio of the answer, and without schedules, whereas, the defendant has occu-

Halsted *agt.* Spencer.

pied twenty-six folios of the answer and upward of ninety folios of the schedules in stating the same.

> D. S. JONES, *Sol'r and of Counsel for Respondents.*
> L. ROBINSON, *of Counsel.*

☞ Only point taken here is new.   Ought not to be heard here.   But there is nothing in the point.   Answer only goes to part of the allegation.   P. 38, first clause struck out about particulars which should not be in answer.   But he has an answer to the amended bill.   What precedes and follows the matter struck out makes a full answer.   " Wherefore " is mere argument—inference.   Master, vice chancellor, and chancellor, have decided this question.

DECISION.—Decree affirmed, unanimously.

*Not reported.*

NOTE.—Where the defendant, in his answer, went into a long, detailed statement by which he designed to show that there was an error in accounting in a former suit between the parties, whereby he had been unjustly decreed to pay a large sum of money, and thereby was not insolvent as alleged—*held*, that that part of the answer was impertinent, for prolixity.   The defendant could have raised the question of insolvency, by a statement of the *fact* of such an error in accounting.   (If that question could be raised at all in such a collateral way.)

A man is not the less insolvent because he has been obliged to pay a large sum of money under a decree against him, which is alleged to be unjust, if he has no legal or equitable means of recovering it back.